```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

```
WILFREDO LORA,                  (
                                (
     Petitioner,                 (
                                (
vs.                             (        No. 04-2923-B/P
                                (
T.C. OUTLAW,                    (
                                (
     Respondent.                (
                                (
```

ORDER DENYING MOTION FOR RECONSIDERATION

Petitioner Wilfredo Lora, Bureau of Prisons inmate registration number 42980-083, an inmate at the Federal Correctional Institution ("FCI-Memphis") in Memphis, filed a pro se petition pursuant to 28 U.S.C. § 2241 on November 10, 2004, accompanied by a legal memorandum. The Court issued an order on March 30, 2006 denying the petition and certifying that an appeal would not be taken in good faith. Judgment was entered on March 31, 2006.

On April 13, 2006, Lora filed a motion for reconsideration, which the Court CONSTRUES as a timely motion pursuant to Fed. R. Civ. P. 59(e).

A party should be afforded relief from a judgment pursuant to Fed. R. Civ. P. 59(e) under only limited circumstances:

> [R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. . . . Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.
>
> The Rule 59(e) motion may not be used to relitigate old matters, or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be denied if it would serve no useful purpose.

11 Charles Alan Wright et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)(footnotes omitted); see Nagalingam v. Wilson, Sowards, Bowling & Costanzo, No. 00-5453, 2001 WL 493392, at *2 (6th Cir. May 1, 2001).

The motion filed by Lora does not fit within this framework. Lora filed a § 2241 petition challenging a disciplinary conviction for conduct disrupting the security of an institution, alleging that he was convicted by false testimony, deprived of his right to call witnesses, and deprived of due process during disciplinary proceedings. The Court denied the petition because federal courts no longer look to BOP regulations to determine if a prisoner is deprived of any liberty interest protected by the Due Process Clause in the imposition of disciplinary penalties. Sandin v. Conner, 515 U.S. 472, 484-87 (1995); Rimmer-Bey v. Brown, 62 F.3d 789, 790-91 (6th Cir. 1995). Lora has now filed a motion for

reconsideration in which he reiterates the arguments made in his petition.  The Court rejected that argument in the March 30, 2006 order.  Nothing in the petitioner's most recent motion provides any basis for modification of the March 30, 2006 order or relief from judgment.

    The motion for reconsideration is DENIED.

    IT IS SO ORDERED this 20th day of March, 2007.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE